Cite as: 582 U. S. ____ (2017)          1
Statement of GORSUCH, J.

# SUPREME COURT OF THE UNITED STATES

BAY POINT PROPERTIES, INC., FKA BP PROPERTIES,
INC. *v.* MISSISSIPPI TRANSPORTATION
COMMISSION, ET AL.

ON PETITION FOR WRIT OF CERTIORARI TO THE SUPREME
COURT OF MISSISSIPPI

No. 16–1077.   Decided June 26, 2017

The petition for a writ of certiorari is denied and the pending motions for leave to file briefs as *amici curiae* are granted.

Statement of JUSTICE GORSUCH, with whom JUSTICE THOMAS joins, respecting the denial of certiorari.

When a State negotiates an easement limited to one purpose but later uses the land for an entirely different purpose, can the State limit, by operation of statute, the compensation it must pay for that new taking? The Mississippi Supreme Court held that it may do just that. But this decision seems difficult to square with the teachings of this Court's cases holding that legislatures generally cannot limit the compensation due under the Takings Clause of the Constitution. See *Monongahela Navi. Co.* v. *United States*, 148 U. S. 312, 327 (1893). Tension appears to exist, too, between the decision here and decisions of the Federal Circuit. See, *e.g., Toews* v. *United States*, 376 F. 3d 1371, 1376 (2004). And the matter is one of general importance as well, for many states have adopted statutes like Mississippi's and the question presented implicates a fundamental feature of the compact between citizen and State. Given all this, these are questions the Court ought take up at its next opportunity.